**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**(COVINGTON)**

***\*ELECTRONICALLY FILED\****

| | |
|---|---|
| **MICHAEL RAINS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) Civil Action No. _____ |
| | ) |
| **v.** | ) Judge _____ |
| | ) |
| **FUJI AUTOTECH U.S.A., LLC** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

**NOTICE OF REMOVAL**

Defendant Fuji Autotech U.S.A., LLC ("Defendant"), pursuant to 28 U.S.C. §§1332, 1441, and 1446, respectfully submits this Notice of Removal of this action from the Boone County, Kentucky, Circuit Court, the court in which this case is presently pending, to the United States District Court for the Eastern District of Kentucky (Covington). As grounds for this removal, Defendant states as follows:

**LITIGATION FACTS**

1.      On or about August 23, 2017, Plaintiffs Michael Rains and Amanda Rains filed a Complaint against Defendant in the Boone County, Kentucky, Circuit Court, captioned *Michael Rains, et al. v. Fuji Autotech U.S.A., LLC*, bearing case number 17-CI-01077. In their Complaint, Plaintiffs allege claims for sex discrimination and retaliation pursuant to the Kentucky Civil Rights Act. (*See* Compl.)

2.      Defendant was served with its Summons on September 1, 2017. The Complaint and Summons, which are attached as Exhibit A, are the only pleadings, process, and/or orders that have been filed in this action to date.

1

## PLAINTIFFS' RELATIONSHIP WITH DEFENDANT

3.      Working through a temporary staffing agency, Plaintiffs were placed with Defendant beginning in June 2017.  (*See* Compl. ¶8; Declaration of Yuji Ishii ("Ishii Dec."), at ¶6.)[1]  Plaintiff Amanda Rains' last day working at Defendant was August 8, 2017, and Plaintiff Michael Rains' last day working at Defendant was August 11, 2017.  (*See* Ishii Dec. ¶6.)

4.      During their placement with Defendant, Plaintiffs were paid $11.00 per hour and typically worked approximately 40 hours per week.  (*See* Ishii Dec. ¶7.)

## CITIZENSHIP OF THE PARTIES

5.      Plaintiff Michael Rains is a citizen and resident of Kentucky. (Compl., ¶1.)

6.      Plaintiff Amanda Rains is a citizen and resident of Kentucky.  (Compl., ¶2.)

7.      Defendant is a Delaware limited liability company.  (Compl. ¶3; Ishii Dec. ¶2.) Accordingly, it is a citizen of each state of which its members are citizens – not where it is registered and/or has its principal place of business. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  Defendant is owned by Fuji Kiko of USA Corporation and Tachi-S Engineering USA, Incorporated, which are the only two members of Defendant.  (Ishii Dec., ¶3.)

8.      Fuji Kiko of USA Corporation is a Delaware corporation.  (*Id.* at ¶4.)  Its officers direct, control, and coordinate the corporation's activities from Farmington Hills, Michigan, which is Fuji Kiko of USA Corporation's principal place of business and nerve center.  (*Id.*) *See also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *see also The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place

---

[1] The Declaration of Yuji Ishii is attached as Exhibit B.

where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'").  Therefore, Fuji Kiko of USA Corporation is a citizen of the states of Delaware and Michigan.

9.      Likewise, Tachi-S Engineering USA, Incorporated is a citizen of Michigan because it is a Michigan corporation and its officers direct, control, and coordinate the corporation's activities from Farmington Hills, Michigan, which is Tachi-S Engineering USA, Incorporated's principal place of business and nerve center. (Ishii Dec., ¶5.)

10.      Therefore, Defendant is a citizen of Michigan and Delaware.  *See* 28 U.S.C. §1332; *Delay*, 585 F.3d at 1005.

11.      This action is between citizens of different states over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and it is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

## AMOUNT IN CONTROVERSY

12.      The amount in controversy is to be determined based on the Plaintiffs' complaint at the time the notice of removal is filed.  *See Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  Although Plaintiffs' Complaint does not specify the amount in controversy, it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiffs' requested monetary damages are in excess of the jurisdictional amount necessary to establish diversity jurisdiction. When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

13. Plaintiffs' Complaint purports to allege claims for unlawful sex discrimination and retaliation pursuant to the Kentucky Civil Rights Act, Chapter 344 *et seq.* (*See* Compl.) Plaintiffs' Complaint seeks substantial damages from Defendant, including back pay and benefits, front pay and benefits, pre-judgment and post-judgment interest, and compensatory damages for "emotional distress, mental anguish, humiliation, and embarrassment." Plaintiffs also seeks to recover their attorneys' fees and costs. (*See* Compl. "Prayer for Relief" paragraph.)

14. The Kentucky statute prohibiting discrimination and retaliation provides recovery of actual damages, costs, and reasonable attorneys' fees. KRS 344.450. "Actual damages" includes lost wages, and also has been defined to include emotional distress, humiliation, and embarrassment. *See Childers Oil Co. v. Adkins*, 256 S.W.3d 19, 28 (Ky. 2008). There is no express limit on emotional distress damages under the Kentucky Civil Rights Act. *Shupe v. Asplundh Tree Expert Company*, 566 Fed Appx. 476 (6th Cir. 2014).

15. Furthermore, a plaintiff's demand for attorneys' fees may be considered in the calculation of the estimated amount in controversy when the plaintiff fails to specifically plead with regard to the amount in controversy when, as in this case, attorneys' fees are expressly allowed by statute. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377-78 (6th Cir. 2007).

16. Plaintiffs filed this lawsuit just weeks after their placements with Defendant ended. (*See* Compl.) As a result, they have not yet incurred significant back pay damages. When Plaintiffs' requests for back pay and benefits, front pay and benefits, compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment, pre-judgment and post-judgment interest, and attorneys' fees are all considered, however, each of their damages, if they were to be successful at trial, would be in excess of $75,000.

17.     In employment cases such as this, Kentucky courts have recognized it is a "near certainty" that the amount in controversy exceeds the jurisdictionally required amount – even when the plaintiff's back pay damages are not significant.  *Proctor v. Swifty Oil Co., Inc.*, 2012 U.S. Dist. Lexis 141323 at *8.  (W.D. Ky. October 1, 2012) (citing *Egan v. Premier Scales and Sys.*, 237 F.Supp.2d 774, 776 (W.D. Ky. 2002)).  *See also Harris v. Burger King Corp.*, 2012 U.S. Dist. Lexis 45263 (W.D. Ky. March 29, 2012) (amount in controversy requirement fulfilled for purposes of diversity jurisdiction, despite the fact that the plaintiff's back damages were negligible, where the plaintiff also requested other types of damages, including emotional distress damages and attorneys' fees).

18.     While Defendant specifically denies Plaintiffs' claims and entitlement to all of the remedies demanded, based on the face of the Complaint, it is evident that Plaintiffs' claims for damages exceed $75,000.00.

## REMOVAL

19.     Because there is complete diversity of citizenship between Plaintiffs and Defendant, and the Complaint reflects an amount in controversy in excess of $75,000.00, the United States District Court for the Eastern District of Kentucky (Covington) has original jurisdiction over this matter.

20.     Pursuant to 28 U.S.C. § 1441, *et seq.*, the right exists to remove this case to the United States District Court for the Eastern District of Kentucky (Covington), which embraces the place where the action is currently pending.

21.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of receipt of the Summons and Complaint in this matter.

22.     As required by 28 U.S.C. § 1446(d), Defendant shall promptly file a copy of this Notice of Removal with the Boone County, Kentucky Circuit Court, and serve copies of this Notice of Removal on Plaintiffs' counsel.

WHEREFORE, Defendant Fuji Autotech U.S.A., LLC respectfully requests that the above-entitled action now pending in the Boone County, Kentucky Circuit Court, be removed pursuant to 28 U.S.C. §§ 1332 and 1441 to this Court, that this Court accept jurisdiction over this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this court.

Respectfully submitted,

*/s/ Ryan M. Martin*
Ryan M. Martin (KBA 92619)
Jamie M. Goetz-Anderson (KBA 95842)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. 5th Street
Cincinnati, Ohio 45202
Telephone (513) 898-0050
Facsimile (513) 898-0051
*E-mail: ryan.martin@jacksonlewis.com*
*E-mail: jamie.goetz-anderson@jacksonlewis.com*

*Counsel for Defendant Fuji Autotech U.S.A., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on September 15th, 2017 via regular U.S. Mail upon the following:

Matthew T. Lockaby
Lockaby PLLC
1795 Alysheba Way, Suite 4207
Lexington, KY  40509

*/s/ Ryan Martin*
Ryan Martin

4852-4493-6783, v. 1